## DOUGHERTY v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Term. February 23, 1904.)

1. FERRYBOATS—INJURY TO PASSENGER—INVITATION TO EMBARK—ASSURANCE OF
   SAFETY.
   Where a company operating a ferryboat moors its boat and keeps open
   the gate, it thereby invites a passenger to embark, and gives assurance that
   it is safe to do so.

2. SAME—CONTRIBUTORY NEGLIGENCE—SUFFICIENCY OF EVIDENCE.
   Evidence in an action by a passenger injured in attempting to board a
   ferryboat examined, and *held* to sustain a verdict for plaintiff, negativing
   contributory negligence.
   MacLean, J., dissenting.

Appeal from City Court of New York, Special Term.

Action by Michael Dougherty against the New York Central &
Hudson River Railroad Company. From a judgment ·in favor of
plaintiff, and from an order denying a new trial, defendant appeals.
Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and
DAVIS, JJ.

.Herbert E. Kinney (Robert A. Kutschbock, of counsel), for appellant.

Joseph H. Radigan, for respondent.

DAVIS, J. The action was brought to recover $2,000 as damages
for personal injuries sustained by plaintiff while attempting to enter
upon defendant's ferryboat at the foot of West Forty-Second street,
in the city of New York, at midnight, on February 17, 1902. The
plaintiff purchased his ticket, and, after a few minutes' conversation
with some person attached to the ferry house, started to go down the
passage gangway to go upon the boat. The night was stormy, and the
gangway was badly lighted and more or less dark, although on this
point there was a conflict of evidence. The plaintiff was looking
ahead, and thought he saw the gang plank touching the boat. He
continued on his way, and walked into the open space, three feet wide,
between the ferry bridge and the boat, and fell a distance of nine feet
below, upon the piled-up ice in the river. It is admitted by the defendant that the gang plank was not in place, but it claims that the
plaintiff was negligent in failing to discover the absence of the gang
plank. Prior to the accident the boat had been moored for the purpose of discharging and receiving passengers. Some had gone off,
and others were actually embarking. On account of the great amount
of ice in the slip, it was found impossible to get the men's side of the
boat nearer than within three feet of the bridge. I think the verdict
of the jury is well supported by the evidence. The defendant, by
mooring its boat and keeping open its gate, invited the plaintiff to embark, and thus gave assurance that it was safe to do so. The plaintiff
relied upon this assurance, and proceeded to embark; not omitting,
however, to look ahead for his own safety. Notwithstanding this
precaution, he failed to determine correctly the position of the gang
plank, on account of the semidarkness of the passageway, and thus

fell into the river, and sustained very serious injuries. The question of the plaintiff's contributory negligence was a question of fact in the case, and was presented to the jury with great clearness by the trial justice. Under the circumstances, I think the judgment and order appealed from should be affirmed, with costs.

Judgment and order appealed from affirmed, with costs.

FREEDMAN, P. J., concurs.

MacLEAN, J. (dissenting). Some of the exceptions to the exclusion of questions on cross-examination seem good, and to call for reversal—notably, to the nonallowance of the question whether the plaintiff, in going along, assumed the condition of the boat to be the same as always. It was, as he testified, a stormy night in February; there was an ice pack in the slip; and the reason for his presence was to see after an express wagon drawn by a spike team—the first used that season with a driver who had never driven such a team. If, absorbed in his errand, he relied upon conditions which did not or could not, under the circumstances, exist, and so neglected the care to which he was bound, there was no case for the jury.